W. M. HYLAND, Appellee, v. THE PHŒNIX LOAN ASSOCIATION, of St. Joseph, Mo.  H. M. TOOTLE AND W. P. GRAHAM, Receivers, Appellants.

Action to Cancel Mortgage: BUILDING AND LOAN ASSOCIATION: PROOF
1    OF SAME. The mere fact that a usurious contract for the loan of money is in the form used by building and loan associations is not a sufficient showing of the nature of the organization or extent of its power, to afford it the protection of the statutes relating to building and loan associations.

Usury: CHANGE OF CONTRACT. A change in the form of the contract which retains the usurious rates with added charges and expenses, does not purge the transaction of usury.

Usurious Transaction: FACTS CONSTITUTING SAME. The fact that the contract was for a loan of $1,500.00, dated June 14, while the borrower received his first payment of $750 Sept. 23d, and his final amount of $579, Dec. 23d, the association having retained $171 for monthly premiums to that date, renders the transaction usurious, even though the association may have been duly organized and doing business under the protection of the law.

*Appeal from Clarke District Court.*—HON. W. H. TEDFORD, Judge.

WEDNESDAY, OCTOBER 29, 1902.

ACTION in equity to cancel a mortgage. Decree for plaintiff and defendants appeal.—*Affirmed.*

*Jamison & Park* and *Ben. J. Woodson* for appellants.

*Haddock & Son, Temple, Hardinger & Temple,* and *Thos. Maxwell* for appellee.

WEAVER, J.—In the year 1892 the plaintiff, a resident of this state, obtained a loan from the Phœnix Loan Association of St. Joseph, Mo. The note and mortgage given by him secured the nominal amount of $2,250 but the actual loan negotiated for was $1,500. In the year 1896, after plaintiff had paid, in monthly installments, an aggregate sum of $1,147.50, a change was made at the request of the association, by which the mortgage above mentioned was canceled, and a new application and mortgage executed by plaintiff for an alleged balance of $1,193.70, with so-called "premiums" added, making a nominal amount of $1,730. Plaintiff in fact received no money other than the original loan. Thereafter plaintiff continued to pay monthly installments on this indebtedness until his aggregate payments amounted, as he alleges, to $1,869.90. He brings this action, alleging that the contract of loan was usurious, that he has more than paid the

full amount of the principal of said debt, and asks to have his mortgage canceled. The defendants answer that the loan association was a duly organized and incorporated building and loan society, and as such made the loan to the plaintiff in a lawful manner. It also sets up the execution of the new mortgage in 1896 as a settlement between the parties to that date, and asks a foreclosure of said mortgage for an alleged balance of $1,037.55, still unpaid.

I. The loan was admittedly grossly usurious, and plaintiff is entitled to the relief demanded by him, unless the terms of the contract are protected by the statutes of the state relating to building and loan associations. Defendants, as we have seen, alleged that the Phœnix Loan Association was an organization of this character, but an examination of the record fails to disclose any evidence by which we can find the truth of such allegation. The mere fact, if it be a fact, that the contract of loan is in the form employed by building and loan societies generally, proves nothing as to the nature of this particular organization or the extent of its powers. Neither its articles of incorporation nor its constitution or by-laws are before the court, and we cannot assume the existence of matters of which we have no evidence. The contract, as originally made, must, therefore, be treated as usurious.

*1. BUILDING and loan association: proof of same.*

II. We have next to inquire whether the making of the new application and mortgage in 1896 had the effect to purge the transaction of its usury. This change in the form of the loan was made at the request of the association. It appears that for some reason the defendant association in 1896 changed its plan of business, and proceeded to arrange with its borrowers to make new applications and execute new mortgages on somewhat different terms for the unpaid balance on their loans. No additional money was advanced to the borrower, but the entire unpaid balance of the debt, computed at the agreed

*2. USURY: change of contract.*

usurious rates, with added "repayment charges" and "expenses," were carried forward into the new contract. There was, so far as shown, no express agreement or suggestion of any kind that the transaction was to be a settlement or composition of the borrower's claims for usury, but, on the contrary, the net result of the transaction was to make its usurious character more prominent.

III. Even if we were to treat the defendant association as a building and loan society duly organize t and doing business generally under the protection of the law, the loan to plaintiff was still usurious. The loan was nominally for $1,500, with usual concomitants of premiums and fines, which we may assume, for the purposes of argument, have been legalized by legislative enactment. But it is further shown that the full sum of $1,500 was not paid to the plaintiff. While the security was given upon the basis of a loan of the sum of $1,500 and interest, and premiums were charged up accordingly, the note and mortgage were made June 14, 1892, from which date interest and premiums were charged; but no money was received by plaintiff till September 23d, when a draft of $750 was delivered, and the account was finally balanced on December 23d by delivering plaintiff another draft for $579, and charging him the sum of $171 for the monthly installments which had accrued at that date. By this device it will be seen that the legalized exactions which such societies, in view of the supposedly benevolent purposes of their organizations, are permitted to levy, were largely exceeded, and to this extent, at least, we think the transaction was not within the protection of the statute, and must therefo c  . eated as usurious.

The decree of the district court is AFFIRMED.

3.  USURIOUS transaction: facts constituting same.